UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL HOMEDES and<br>JORGE GONZALEZ MONTEAGUDO,<br><br>Defendants. | CRIMINAL NO. 5:22-CR-33-KKC<br><br>**OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the United States' motion in limine. (DE 108). Because the trial date (March 13, 2023) is fast approaching, the Court ordered expedited responses from the defendants. (DE 109). The issue being fully briefed, the Court now GRANTS the United States' motion.

This case involves an alleged conspiracy to distribute cocaine between defendants Miguel Angel Homedes, Jorge Gonzalez Monteagudo, and others. The government plans to call Homedes and Monteagudo's codefendant Saul Vera to testify as to his own involvement as well as to statements codefendants Orlando Perez Tadeo and Daniel Corona Serratos made to Vera regarding Homedes and Monteagudo's involvement. The United States argues that these out-of-court statements are admissible pursuant to FRE 801(d)(2)(E) as statements of a coconspirator and moves the Court to issue a preliminary finding as such. The defendants object, arguing that these statements are violative of the Sixth Amendment Confrontation Clause.

The law on the admissibility of coconspirator statements in this and other circuits is well-settled. By definition, such statements are not testimonial because the declarant has no awareness of expectation that the statements may later be used at trial. *United States v. Sutton*, 387 F. App'x 595, 601 (6th Cir. 2010) (citing *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir.2004)). And non-testimonial out-of-court statements do not implicate the Confrontation Clause, nor do they run afoul of the *Bruton* Rule. *Id.* at 602 (citing *United States v. Arnold*, 486 F.3d 177, 192–93 (6th Cir. 2007); *United States v. Johnson*, 581 F.3d 320, 326 (6th Cir. 2009)). Coconspirator statements in furtherance of a conspiracy are both "inherently trustworthy and firmly rooted" as an exception to the hearsay rule. *United States v. Mooneyham*, 473 F.3d 280, 287 (6th Cir. 2007). Accordingly, Vera's proposed testimony does not present any Confrontation issues.

Still, before admitting the out-of-court statements of co-conspirators pursuant to Rule 801(d)(2)(E), the district court must find by a preponderance that . . . (1) that a conspiracy existed, (2) that the defendant against whom the statement is offered was a member of the conspiracy, and (3) that the hearsay statement was made in the course of and in furtherance of the conspiracy." *United States v. Childs*, 539 F.3d 552, 559 (6th Cir. 2008) (quotations removed). Because Vera, Tadeo, and Serratos have all admitted to participation in the crime pursuant to guilty pleas, and the government plans to offer corroborating video evidence establishing the conspiracy and its timeline, the Court finds that the United States has satisfied its initial burden of admissibility.

Of course, the admissibility is subject to proper foundation. The United States must meet its burden, at trial, to show the existence of a conspiracy, the defendants' participation, and that the statements were in furtherance of the conspiracy. The Court notes the defendants' continued

objection on the grounds that Vera's testimony violates their rights under the Confrontation Clause of the Sixth Amendment.

Accordingly, the Court hereby ORDERS that the United States' motion in limine (DE 108) is GRANTED. Assuming proper foundation, Vera's statements are admissible pursuant to FRE 801(d)(2)(E).

This 23rd day of February, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY