UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff,**<br><br>V.<br><br>MIGUEL ANGEL HOMEDES<br>JORGE GONZALEZ MONTEAGUDO<br><br>    **Defendants.** | CRIMINAL NO. 5:22-CR-33-KKC<br><br><u>OPINION AND ORDER</u> |

*** *** ***

This matter is before the Court on a motion for new trial (DE 168) by Defendant Miguel Homedes. Defendant Jorge Monteagudo filed his own motion for new trial, which adopted Homedes's arguments. (DE 169.) Both defendants argue that pursuant to Federal Rule of Criminal Procedure 33, they are entitled to a new trial because the government made misstatements of evidence during closing arguments. (DE 168 at 4.) For the following reasons, the Court denies the motions.

**I.    Analysis**

Defendants Homedes and Monteagudo (collectively, the "Defendants") were indicted alongside four other defendants for drug trafficking offenses in the Central Kentucky area. Both were charged with conspiracy to distribute five (5) kilograms or more of cocaine and distribution of five (5) kilograms or more of cocaine. (DE 11.) The other four defendants pleaded guilty, but Defendants proceeded to trial by jury and were convicted. (DE 138.) Now, Defendants allege prosecutorial misconduct with statements made by the government during its closing argument regarding the absence of cash found by law enforcement. The offending statements are: (1) "They are getting paid by the source in Texas or Mexico;" (2) "[W]hoever it was that recruited them to bring cocaine up here is going to pay them. It's not

Daniel Corona Serratos;" and (3) "[T]he Lexington group isn't responsible for paying the couriers, it's whoever they are working for in Texas or Mexico." (DE 168 at 8.) The Court finds that these statements do not warrant new trials.

The Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. Pro. 33(a). "A new trial may be granted under Rule 33 if the extraordinary circumstance arises that the evidence preponderates heavily against the verdict." *United States v. Ray*, 597 F. App'x 832, 840 (6th Cir. 2015). "The district judge may weigh the evidence and assess the credibility of witnesses in the role of a thirteenth juror." *Id.* However, "[m]otions for a new trial are not favored and are granted only with great caution." *United States v. Fritts*, 557 F. App'x 476, 479 (6th Cir. 2014) (quoting *United States v. Garner*, 529 F.2d 962, 969 (6th Cir.1976)). The defendant "bears the burden of proving that a new trial should be granted." *Id.* (quoting *United States v. Davis*, 15 F.3d 526, 531 (6th Cir.1994)).

Defendants argue that statements made during the government's rebuttal amounted to prosecutorial misconduct and necessitates a new trial. Examining claims of prosecutorial misconduct, the Sixth Circuit employs a two-step analysis: (1) whether the statements were plain error; and (2) whether the statements were flagrant enough to affect the defendant's substantial rights. *United States v. Hall*, 979 F.3d 1107, 1119 (6th Cir. 2020). Plain error is defined as an "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Wells*, 623 F.3d 332, 336 (6th Cir. 2010) (quoting *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008). "Under plain error review, relief may be granted only if the prosecutorial misconduct was 'exceptionally flagrant.'" *Id.* at 338 (quoting *Girts v. Yanai*, 501 F.3d 743, 759 (6th Cir. 2007)).

Defendants claim that the offending statements are plain error when the Court looks to "the centrality of the cash issue to the trial itself and, in particular, to the defense raised." (DE 168 at 6.) During trial, Defendants pointed to a distinction between their case and other drug distribution cases: the absence of cash on or near the defendants when they were arrested. By giving an explanation for this absence during the government's rebuttal, Defendants argue that the prosecutor gave statements that were not in evidence, were highly prejudicial and misleading, and/or constituted extraneous evidence. Defendants have not, however, met their burden in showing that these statements were plain error. Despite stating that "misstatements of fact and/or introduction of extraneous evidence in rebuttal was plain error," (*Id.* at 9) the Court is not satisfied that Defendants have shown the government's statements were misstatements of fact or extraneous evidence.

In its response, the government notes that Defendants were positively identified as the individuals who delivered the duffel bag containing 10 kilograms of cocaine to Saul Vera, another defendant. Given Defendants both argued during their closing arguments that "the lack of U.S. currency in their semi-truck or on their person was critical evidence as to their involvement (or lack thereof) in the drug conspiracy[,]" the prosecuting attorney offered an explanation for this absence during rebuttal. (DE 176 at 5-6.) Defendants may claim that this explanation was a misstatement of evidence or extraneous evidence, but the record shows that this explanation was rooted in prior testimony. Task Force Officer Clements gave expert testimony about the movement of drugs and drug proceeds in the Eastern District of Kentucky. In this testimony, Clements explained how cash is often not exchanged along with the drugs; instead, dealers "will pay . . . after they have distributed the narcotics." (DE 164 at 32.) The prosecuting attorney even pointed to this specific testimony when giving his explanation. (DE 167 at 60.)

Prosecutors are afforded "wide latitude . . . during closing argument." *United States v. Bradley*, 917 F.3d 493, 506 (6th Cir. 2019). The government correctly notes that a prosecutor may argue all reasonable inferences that may be drawn from evidence admitted at trial relating to the prosecutor's case. *See United States v. Francis*, 170 F.3d 546, 551 (6th Cir. 1999) (explaining that a prosecutor's attacks during closing argument were improper when they were "not expressly based on evidence before the jury."). Here, the prosecuting attorney's explanation regarding the lack of cash was expressly based on evidence before the jury, such as Clements's expert testimony. In fact, the prosecuting attorney expressly referenced Clements's expert testimony in the very excerpt that Defendants allege was prosecutorial misconduct. (DE 168 at 5.) These statements were not errors, nor did they affect the defendants' substantial rights or the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Wells*, 623 F.3d 332, 336 (6th Cir. 2010).

" Even if the Court found the statements to be plain error, however, these statements were still not "flagrant enough to affect the defendant[s'] substantial rights." *United States v. Hall*, 979 F.3d 1107, 1119 (6th Cir. 2020). The flagrancy prong is determined on consideration of four factors: "(1) whether the prosecutor's remarks or conduct tended to mislead the jury or prejudice the accused; (2) whether the remarks were isolated or extensive; (3) whether the remarks were accidentally or deliberately made; and (4) the overall strength of the evidence against the accused." *United States v. Gonzalez*, 512 F.3d 285, 292 (6th Cir. 2008) (citing *United States v. Francis*, 170 F.3d 546, 549 (6th Cir. 1999)). Further, the prosecuting attorney's remarks "must be considered within the context of the trial as a whole when determining whether they are improper." *Wells*, 623 F.3d at 338.

The prosecuting attorney's statements during rebuttal were neither misleading nor

4

prejudicial. The explanation was in service of the government's legitimate theory—that Defendants should be convicted of the charged drug trafficking offenses despite the lack of cash on or near their person when arrested. Further, the statements were isolated and deliberate. The statements were offered in rebuttal after Defendants argued about the importance of the absence of cash during their closing arguments. *See Bedford v. Collins*, 567 F.3d 225, 233 (6th Cir. 2009) (finding that a prosecutor's response to the defendant's arguments "made in the course of the fast-moving thrust and parry of a criminal trial" was not improper). The evidence against both Defendants is also strong. There is video evidence of Defendants delivering the duffel bag containing 10 kilograms of cocaine to codefendants and Defendants were positively identified as the men who delivered the cocaine. (DE 176 at 3, 9.) Accordingly, the offending statements were not flagrant enough to affect Defendants' substantial rights under the two-prong prosecutorial misconduct analysis.

## II.  Conclusion

For the reasons above, the Court hereby ORDERS as follows:

1. Homedes's motion for new trial (DE 168) is DENIED; and
2. Monteagudo's motion for new trial (DE 169) is DENIED.
3. The Sentencing Hearing for defendant Miguel Angel Homedes is scheduled for **November 28, 2023 at 2:00 p.m.** at Lexington, Kentucky.
4. The Sentencing Hearing for defendant Jorge Gonzalez Monteagudo is scheduled for **November 28, 2023 at 2:30 p.m**. at Lexington, Kentucky.

This 3rd day of October, 2023.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY